**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 16-161 |
| | ) | Civil No. 21-376 |
| | ) | Judge Nora Barry Fischer |
| JAMES LIPSCOMB, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

### I.      INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant James Lipscomb ("Defendant"), (Docket No. 384), his Brief in Support, (Docket No. 385), the Government's opposition thereto, (Docket No. 390), Defendant's *pro se* reply, (Docket No. 397), and the Government's sur-reply (Docket No. 399). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [384] is denied.

### II.      BACKGROUND

A federal grand jury returned an indictment on August 2, 2016 against Defendant and numerous co-conspirators charging him with one count of conspiracy to possess with intent to distribute heroin in February 2016. (Docket No. 21). Specifically, Defendant and his co-conspirators were charged with "operating a large-scale heroin trafficking business that involved obtaining heroin from Newark, New Jersey for distribution in the Pittsburgh area." (*See* Docket No. 377 at 1; *see also* Docket No. 290 at 5-6). On February 26, 2018, the Court held a change of plea hearing, where after fully advising Defendant of his rights, he knowingly and voluntarily

withdrew his not guilty plea and pled guilty pursuant to a plea agreement with the Government under Fed. R. Crim. P. 11(c)(1)(C). (*See* Docket No. 250; Docket No. 252). The Court then set a sentencing hearing and ordered the Probation Office to conduct a presentence investigation and prepare a presentence investigation report ("PIR"). (Docket No. 253).

In the PIR, the Probation Office concluded that, based on his prior convictions, Defendant was considered a career offender[1] for sentencing purposes, and thus, his advisory guideline range was 262 to 327 months' imprisonment. (Docket No. 290). However, pursuant to the Rule 11(c)(1)(C) plea agreement, the parties stipulated and agreed that the appropriate sentence in the case was a term of 156 months' imprisonment. (Docket No. 250-1). Defendant objected to his designation as a career offender,[2] the Government responded, and the Probation Office filed an Addendum, reasserting its position that Defendant is a career offender under U.S.S.G. § 4B1.1. (*See* Docket Nos. 296; 306; 309; 313). In its tentative findings, the Court overruled Defendant's objection and indicated that it intended to impose the agreed-upon 156-month sentence in the plea agreement. (*See* Docket No. 296; *see also* Docket No. 310). Defendant reiterated his position regarding career offender status at sentencing, however, the Court stood by its previous ruling on the issue. (*See* Docket No. 328).

---

[1] A defendant is considered a "career offender" under U.S.S.G. § 4B1.1(a) if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The Probation Office determined that Defendant met the criteria for a career offender because at the time of the offense he was 42 years old, was charged with a conspiracy to possess with intent to distribute heroin, and had at least two prior convictions for crimes of violence (robbery and armed robbery) within the requisite time period. (*See* Docket No. 290 at 7 ¶ 25).

[2] Defendant argued that pursuant to sentencing guidelines for computing criminal history, one of his prior convictions was both a non-violent offense and not within the 15-year look back period. (*See* Docket No. 313).

On September 17, 2018, the Court held a sentencing hearing and sentenced Defendant to the agreed-upon term of 156 months' imprisonment, which "represented a considerable variance from the advisory guideline range." (*See* Docket No. 329; *see also* Docket No. 377). Neither the Government nor Defendant appealed the Court's judgment,[3] and it became final on October 1, 2018 when the 14-day period to file a notice of appeal expired. *See United States v. Duncan*, 2019 WL 366667, at *3 (W.D. Pa. Jan. 30, 2019) ("[A] conviction becomes final, and the statute of limitations begins to run when the time for filing a notice of appeal expires and no appeal has been filed.") (internal quotation marks and citations omitted)); *see also* Fed. R. App. P. 4(b)(1)(A).

While serving his period of incarceration, Defendant filed two motions for compassionate release to have his sentence reduced to time served, both of which the Court denied. (*See* Docket Nos. 366; 377; 380-81). Then, over a year-and-a-half after his conviction became final, on March 22, 2021, Defendant filed the instant motion under 28 U.S.C. § 2255. (Docket No. 384). Defendant's § 2255 motion challenges the intelligence and voluntariness of his guilty plea in light of the United States Court of Appeals for the Third Circuit's decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (*en banc*). (*See id.*). Specifically, Defendant argues that under *Nasir* he was given an incorrect career-offender designation that adversely affected the plea negotiations in his case. (*See id.*). The Government countered with its response in opposition on June 3, 2021, arguing that Defendant's motion is untimely. (Docket No. 390). Defendant replied on July 20, 2021, and the Government submitted its sur-reply on July 30, 2021. (Docket No. 397;

---

[3] While Defendant did not appeal his 156-month sentence in this case, he did appeal his 24-month sentence imposed for a supervised release violation at Criminal No. 16-147, which ran consecutively to the sentence of imprisonment at Criminal No. 16-161. (*See* Docket No. 329; *see also United States v. Lipscomb*, Crim. No. 16-147, Docket No. 22 (W.D. Pa. Sept. 25, 2018)). That sentence for supervised release violations was affirmed on January 27, 2021. (*See id.* at Docket No. 31-1).

3

Docket No. 399). As such, the Court considers Defendant's motion fully briefed and ripe for disposition.

     III.    LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Said motion must be filed within one year of, *inter alia*, the date the judgment of conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See id.* § 2255(f)(1), (f)(3). However, a § 2255 motion may not be used as "a substitute for an appeal." *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985).

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255

petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV.    DISCUSSION

Defendant claims that "his plea was involuntary and unintelligently entered because it was based[] and negotiated on a false premise that he was a career offender." (Docket No. 385 at 4). In support of that contention, Defendant principally relies on the Third Circuit's holding in *Nasir* that "[i]n light of [the United States Supreme Court's decision in] *Kisor*'s limitations on deference to administrative agencies . . . inchoate crimes are not included in the definition of 'controlled substance offenses' . . . thereby overruling *Hightower*" which had previously deferred to sentencing guideline commentary and held that inchoate crimes could be considered predicate offenses for career offender sentencing enhancement. *See Nasir*, 982 F.3d at 160, overruling *United States v. Hightower*, 25 F.3d 182 (3d Cir. 1994); *see also Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). In that regard, Defendant argues that, in light of *Nasir*, he was improperly designated a career offender and that the improper designation resulted in his "sentence floor [being] increased" and his "negotiated plea agreement and sentence [was] based on [a] false premise." (*See* Docket No. 385 at 5-6). The Government counters that Defendant's motion must be denied as untimely because it was not filed within one-year limitation period under § 2255(f). (*See* Docket No. 390). Having considered the parties' arguments, the Court finds that Defendant's claims are barred by the statute of limitations and that they are otherwise without merit.

Turning first to the statute of limitations issue, the Court concurs with the Government that Defendant's motion is untimely. Section 2255 motions are subject to a one-year period of

limitation. *See* 28 U.S.C. § 2255(f); *see also Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999). Section 2255(f) provides that the one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). It is undisputed that §§ 2255(f)(2) and (f)(4) are inapplicable to this case. The parties also agree that Defendant's motion is untimely under § 2255(f)(1) because he did not file his motion within one year of October 1, 2018 – the date on which his 14-day period to file a notice of appeal expired and his judgment of conviction became final. (*See generally* Docket Nos. 385; 390; 397). However, Defendant contends that his motion is timely under § 2255(f)(3) because it was filed within one year of the Third Circuit's December 1, 2020 decision in *Nasir*. (*See* Docket No. 385; *see also* Docket No. 397). The Government objects stating that "the *Nasir* decision cannot provide a basis for the application of the limitation period laid out in 28 U.S.C. § 2255(f)(3)" because: (1) "*Nasir* is not a Supreme Court decision and therefore the Supreme Court cannot have recognized any right that Lipscomb asserts[;]" and (2) "*Nasir* is not a Supreme Court decision, [so] any right asserted also cannot have been made retroactively applicable to cases on collateral review." (*See* Docket No. 390 at 3). In this Court's

estimation, the Government's position is correct, and Defendant's motion is untimely.

A motion is timely under § 2255(f)(3) if: (1) it "assert[s] . . . [a] right [that] has been newly recognized by the Supreme Court[;]" (2) it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court[;]" and (3) the right asserted has been "made retroactively applicable to cases on collateral review." *See Dodd v. United States, 545 U.S. 353, 357-59 (2005).* While Defendant filed his motion within one year of the Third Circuit's decision in *Nasir*, "[a] decision by an appellate court . . . rather than the Supreme Court, does not constitute a right 'recognized by the Supreme Court.' Thus, by the express terms of [§] 2255(f)(3), [*Nasir*] does not trigger or delay the limitations period." *See United States v. Christian*, 2013 WL 1057822, at *1 (W.D. Pa. Mar. 14, 2013) (Ambrose, J.).[4] Therefore, regardless of retroactivity,[5] *Nasir* cannot provide a basis for Defendant's motion under § 2255(f)(3). Accordingly, Defendant's motion is barred as untimely.

Beyond the untimeliness of his motion, the Court also alternatively holds that Defendant's motion is without merit. Defendant argues that "[t]his Court should exercise its authority to vacate and set aside [his] sentence and conviction to prevent manifest injustice."

---

[4] *See also E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) ("[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255."); *Ellis v. United States*, 2017 WL 2345562, at *2 (D. Utah May 30, 2017) ("[A] right recognized by the Tenth Circuit is not sufficient under the terms of [§ 2255(f)(3)] to grant the court the jurisdiction to modify [Defendant]'s sentence."); *Sanders v. United States*, 2015 WL 13735391, at *3 (E.D.N.C. Sept. 2, 2015) ("[Defendant's] reliance on *Davis* does not fare any better because § 2255(f)(3) only applies to decisions from the Supreme Court and *Davis* was decided by the Fourth Circuit Court of Appeals.").

[5] Defendant spends much of his reply brief arguing that *Nasir* applies retroactively and that "a district court need not wait on a Supreme Court ruling to declare a Circuit Court precedent retroactive." (*See* Docket No. 397 at 2). Although Defendant is correct "that the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions," *see United States v. Swinton*, 333 F.3d 481, 487 (2003), he fails to recognize that a retroactivity determination is irrelevant because *Nasir* does not present a newly recognized right by the Supreme Court.

(*See* Docket No. 397 at 2). However, the Third Circuit recently rejected the exact argument that Defendant advances here when it held "that an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." *See United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020). In so holding, "the court of appeals gave four rationales for holding that the defendant's claim was not cognizable under § 2255: (1) even when based on an incorrect advisory career-offender enhancement, a sentence within the statutory maximum is lawful; (2) an incorrect career-offender enhancement is not a fundamental defect inherently resulting in a complete miscarriage of justice because the sentencing guidelines are advisory and are merely one factor that a court considers at sentencing; (3) an incorrect career-offender designation is not the type of defect that supports undermining finality, given the advisory nature of the Guidelines; and (4) there is no manageable limit to the types of sentencing errors that would be cognizable under § 2255 if an incorrect career-offender enhancement were found to be cognizable." *See Nixon v. United States*, 2020 WL 4194130, at *4 (W.D. Pa. July 21, 2020) (citing *Folk*, 954 F.3d at 604-07) (internal quotation marks, alterations, and citation omitted). Therefore, when "an incorrect career-offender designation . . . results in a sentence within the statutory maximum[, it] is not a fundamental defect inherently resulting in a complete miscarriage of justice and cannot be cognizable under § 2255." *See Folk*, 954 F.3d at 605; *see also United States v. Frezzell*, 2021 WL 2784256, at *4-5 (W.D. Pa. July 2, 2021) (Schwab, J.) (denying Defendant's § 2255 motion challenging his career-offender designation in light of *Nasir*); *Nixon*, 2020 WL 4194130, at *4-5 (finding that "[Defendant]'s claim that he was improperly designated as a career-offender is not cognizable under § 2255").

In light of the Third Circuit's holding in *Folk*, Defendant's claim that he was improperly

designated as a career offender is not cognizable via a § 2255 motion. To that end, Defendant, after being advised of all of his rights at a change of plea hearing, pled guilty to one count of conspiracy to possess with intent to distribute heroin. (*See* Docket No. 250). He did so pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) where both the Government and Defendant agreed that the appropriate sentence was 156 months' imprisonment. (*See* Docket No. 250-1). The Court accepted the parties' plea agreement and imposed the agreed-upon sentence of 156 months' imprisonment, which was well below the advisory guideline range of 262 to 327 months' imprisonment and the statutory maximum of up to life imprisonment. *See* 21 U.S.C. § 841(b); *see also* (Docket No. 290). Defendant did not appeal his sentence, and his career-offender designation did not affect the sentence that he received because the 156-month term was also below the otherwise applicable advisory guidelines range of 210-262 months' imprisonment based on an offense level of 32 and a criminal history category of VI. *See United States v. Alford*, 2021 WL 1561508, at *11 (W.D. Pa. Apr. 21, 2021) (Conti, J.) (holding that "*Nasir* [was] not relevant because [Defendant]'s sentence was not based upon his career offender designation under the guidelines[;] [i]nstead, the court varied downward substantially"). In that regard, aside from his claim not being cognizable, Defendant's argument regarding his career-offender designation "ignores the . . . substantial benefits he received under the plea agreement." *See Duncan*, 2019 WL 366667, at *3. For all of these reasons, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid conviction and sentence under § 2255. *See United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). Accordingly, his motion is denied.

## V.  CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence

under 28 U.S.C. § 2255 [384] is denied, with prejudice.  The Court also holds that Defendant has

failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a

certificate of appealability.  An appropriate Order follows.

> _s/Nora Barry Fischer_
> Nora Barry Fischer
> U.S. District Judge

Dated:  August 17, 2021

cc/ecf:  All counsel of record

>       James Lipscomb
>       BOP # 25941-050
>       FCI Butner Medium II
>       Federal Correctional Institution
>       P.O. Box 1500
>       Butner, NC 27509
>       (via U.S. mail)